## McKINNON v. THE REED CASE.

*(District Court, W. D. Pennsylvania. July 25, 1889.)*

1. SEAMEN—WAGES—ASSAULT BY MATE.
   An assault and battery, committed by the mate upon a seaman, without cause, justified the latter in leaving the vessel before the expiration of the voyage for which he signed articles.

2. SAME.
   The vessel is not liable to such seaman for wages, board, medical services, and railroad fare, after invitation by the master, in good faith, to return to the vessel, and an offer to stand between him and harm.

In Admiralty. Libel for wages.

*Clark Olds,* for libelant.

*J. Ross Thompson,* for respondent.

ACHESON, J. A careful consideration of this case has brought me to the following conclusions:

1. The assault and battery which the mate committed upon the libelant justified the latter in leaving the schooner, and he is justly entitled to his wages up to and inclusive of the day on which he quit the vessel.

2. But the master of the schooner, in good faith, as it appears to me, having invited the libelant to return to the vessel, and complete the voyage, and, as testified to by Mrs. Fish, having assured the libelant that he would stand between him and harm, and would put him on the master's watch, the libelant, refusing to return, could not claim wages for the rest of the voyage, or put the schooner to the expense of his trip home by rail.

3. The evidence is that the master invited the libelant to return to the vessel the next day after he quit her, and therefore I do not see that the schooner can be held for his board while at Escanaba. Nor is the bill for medical services satisfactorily proved, were it otherwise allowable.

Let a decree be drawn in favor of the libelant for $28, with interest from August 6, 1887, and costs.